UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____

| | | |
|---|---|---|
| JOSEPH INTURRI, ET AL | : | CIVIL ACTION NO. |
| Plaintiffs | : | 3:03 CV 987 (CRD) |
| v. | : | |
| | : | |
| CITY OF HARTFORD, ET AL | : | JUNE 15, 2004 |
| Defendants | : | |

_____:

## DEFENDANTS' MEMORANDUM IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

**FACTS**

The parties have entered into a Stipulation of Facts, dated May 21, 2004 and, consequently, there are no material facts in dispute in this case.

**ARGUMENT**

Plaintiffs have argued that General Order 6-15 is unconstitutionally vague on its face and as applied to the plaintiffs in that it provides the defendants with unbridled discretion to impose arbitrary discipline on the plaintiffs, on an ad-hoc basis, up to and including termination, and does not give the plaintiffs adequate notice that they will be subject to disciplinary action for such conduct.  (Plaintiffs' Memorandum, p. 6).

opposition

Plaintiffs' argument ignores both the plain language of General Order 6-15 as well as the parties' Stipulation of Facts.

General Order 6-15 provides no penalty whatsoever for sporting a tattoo. The only consequence which the order triggers is an order from the Chief of Police that the tattoo in question be covered. Moreover, until and unless the Police Chief orders that a tattoo should be covered there is no violation of the General Order. Thus, the notice to plaintiffs that they should cover their tattoos <u>follows</u> the determination that the tattoos are offensive and/or present an unprofessional appearance. There is no consequence, let alone penalty, to plaintiffs prior to such determination, and even then the only consequence is an order to cover the tattoos.[1] Any potential penalty only attaches to a police officer's failure or refusal to abide by such order[2]. In such event, a police officer will not only have been provided with adequate prior notice that his/her tattoo should be covered, but will be protected by the provisions of the collective bargaining agreement, requiring just cause for any discipline.

---

[1] Plaintiffs appear to argue that wearing a long-sleeved shirt in the summer is a penalty. Defendants would point out that such "penalty" is endured with basic equanimity by most persons engaged in the professions.
[2] This is not an issue in this case, as plaintiffs have abided by the order.

The cases cited by plaintiffs in support of their vagueness argument are inapplicable here. They all involve regulations which carry penalties without a prior warning or determination, e.g., arrest, suspension, expulsion, removal from fair grounds. (Plaintiffs' Memorandum, pp. 9-14). Unlike the plaintiffs in the cited cases, the plaintiffs here were visited with no penalty and exposed to no risk or detriment by virtue of the existence of General Order 6-15. Once a determination pursuant to the General Order was made by the Chief of Police, the plaintiffs were given fair warning that they must cover their tattoos.

As the plaintiffs point out, "Regulations are unconstitutionally vague only when [they] expose[] a potential actor to some risk or detriment without giving him fair warning of the nature of the proscribed conduct." Rowan v. United States Post Office Department, 397 U.S. 728, 740, 90 S.Ct. 1484 (1970). The regulation at issue in this case exposes no one to any risk or detriment. Should the Chief of Police decide that a particular tattoo must be covered, police officers, including the plaintiffs, are given fair warning that they must cover their tattoos. Accordingly, General Order 6-15 is not unconstitutionally vague.

**CONCLUSION**

For the foregoing reasons, and for the reasons set forth in their motion for summary judgment, the defendants oppose plaintiffs' motion for summary judgment and request that judgment enter in their favor as a matter of law.

>                              DEFENDANTS
>
>                              BY_____
>                              Helen Apostolidis
>                              Assistant Corporation Counsel
>                              Their Attorney
>                              550 Main Street
>                              Hartford, CT 06103
>                              Federal Bar No. Ct 05534
>                              Telephone (860) 543-8575
>                              Facsimile (860) 722-8114

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, postage prepaid, this 15th day of June 2004 to:

Jon L. Schoenhorn, Esq.
97 Oak Street
Hartford, CT 06106

>                              _____
>                              Helen Apostolidis