MANDATE

DC/New Haven
03-CV-987
Hon. Droney
Hon. Smith

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 31st day of January, Two thousand and six.

PRESENT:

    HON. SONIA SOTOMAYOR,
    HON. RICHARD C. WESLEY,
        *Circuit Judges*,
    HON. LEWIS A. KAPLAN,
        *District Judge*.[*]

------------------------------X

JOSEPH INTURRI, DARREN BESSE, MARK CASTAGNA, STEPHEN J. MIELE and MATTHEW ROONEY,

    *Plaintiffs-Appellants*,

-v.-                                    No. 05-2114

CITY OF HARTFORD and BRUCE P. MARQUIS,

    *Defendants-Appellees*.

------------------------------X

APPEARING FOR PLAINTIFFS-APPELLANTS:    JON L. SCHOENHORN, Jon L. Schoenhorn Associates, Hartford, Connecticut.

---

[*] The Honorable Lewis A. Kaplan, United States District Judge for the Southern District of New York, sitting by designation.

-1-

ISSUED AS MANDATE: FEB 2 2 2006

APPEARING FOR DEFENDANTS-APPELLEES:    HELEN APOSTOLIDIS, Assistant Corporation Counsel, City of Hartford, Hartford, Connecticut.

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the judgment of the United States District Court for the District of Connecticut (Droney, J.) is AFFIRMED.

Plaintiffs-appellants Joseph Inturri, Darren Besse, Mark Castagna, Stephen J. Miele and Matthew Rooney ("plaintiffs") appeal from a March 30, 2005 judgment of the district court dismissing all claims against the City of Hartford and its former Chief of Police, Bruce P. Marquis (collectively, the "City" or "defendants"). *See Inturri v. City of Hartford*, 365 F. Supp. 2d 240 (D. Conn. 2005). We assume the parties' familiarity with the facts of the case, the relevant procedural background, and the issues on appeal.

The plaintiffs raised various constitutional challenges under 42 U.S.C. § 1983 to Hartford Police Department General Order 6-15, which gives the police chief "the authority to order personnel to cover tattoos that are deemed as offensive and/or presenting an unprofessional appearance." They also challenged the chief's April 14, 2003 memorandum ordering them to cover the spider-web tattoos on their elbows while on duty, which followed the chief's discovery that those tattoos were known to some people as a symbol of racist violence. We review the district court's grant of summary judgment *de novo*, construing the evidence in the light most favorable to the non-moving party. *Feifer v. Prudential Ins. Co. of Am.*, 306 F.3d 1202, 1208 (2d Cir. 2002).

## I. First Amendment Overbreadth

Plaintiffs claim that the General Order violates the First Amendment because it is unconstitutionally overbroad. We allow a party to bring an overbreadth challenge where it "satisfies the [Article III] requirement of 'injury-in-fact,' and [where] it can be expected satisfactorily to frame the issues in the case." *Sec'y of Md. v. Joseph H. Munson Co.*, 467 U.S. 947, 958 (1984). Plaintiffs have waived any claim that the General Order as applied violated their First Amendment rights by asserting that their tattoos are not expressive. This calls into question whether it would be appropriate for this Court to entertain their overbreadth challenge, because it is not altogether clear that they meet the threshold requirements for an overbreadth challenge as articulated in *Munson*. We need not resolve this question here, however, because it is clear that plaintiffs' overbreadth challenge is without merit.

General Order 6-15 affects only tattoos displayed by on-duty police officers, and the First Amendment rights of public employees are significantly more limited than those of the general public. "[A] governmental employer may subject its employees to such special restrictions on free expression as are reasonably necessary to promote effective government." *Brown v. Glines*, 444 U.S. 348, 356 n.13 (1980). A police department has a reasonable interest in not offending

-2-

or appearing unprofessional before, the public it serves. *See Kelley v. Johnson*, 425 U.S. 238, 247 (1976). Therefore, few if any of the tattoos covered by General Order 6-15 would actually be protected by the First Amendment. There is thus no "realistic danger that the statute itself will significantly compromise recognized First Amendment protections of parties not before the Court," *City Council v. Taxpayers for Vincent*, 466 U.S. 789, 801 (1984), and the plaintiffs' overbreadth challenge accordingly fails.

## II. Vagueness

Plaintiffs also claim that the General Order is so vague as to violate their right to due process. Laws with merely civil consequences receive less exacting vagueness scrutiny than criminal laws, *see Hoffman Estates v. Flipside, Hoffman Estates*, 455 U.S. 489, 498 (1982), and in the public employment context we have held that a specific notice by an employer as to what behavior falls within the scope of a regulation can provide adequate notice. *See Janusaitis v. Middlebury Volunteer Fire Dep't*, 607 F.2d 17, 27 (2d Cir. 1979). Here, the plaintiffs received a memorandum specifically telling them their tattoos must be covered. They therefore received ample notice of the regulation's applicability to their case. Furthermore, given the public employment context, the order conferred no improper discretion on the police chief. *See City of Chi. v. Morales*, 527 U.S. 41, 56-57 (1999) (plurality opinion of Stevens, J.).

Plaintiffs also seek to challenge the General Order on its face. A facial vagueness challenge is permissible where a law "affect[s] communication protected by the First Amendment," and the regulation's deterrent effect on "legitimate expression" is real and substantial. *Young v. Am. Mini Theatres, Inc.*, 427 U.S. 50, 60 (1976). Here, as noted above, the General Order implicates expressive conduct, but does not affect any significant amount of conduct that would actually be protected by the First Amendment. Thus, no facial vagueness challenge is permissible.

## III. Equal Protection

Plaintiffs claim that the chief's memorandum ordering them to cover their tattoos violated their right to equal protection. Plaintiffs argue that we should apply heightened scrutiny to their case because the order affected their fundamental liberty interest in their personal appearance. *See Ramos v. Town of Vernon*, 353 F.3d 171, 180 (2d Cir. 2003) (discussing intermediate scrutiny). In *Zalewska v. County of Sullivan*, 316 F.3d 314 (2d Cir. 2003), we held that in the context of public employment there is no fundamental liberty interest in personal appearance. *Id.* at 321. We thus apply rational basis scrutiny, and have no difficulty in determining that it was rational for the police chief to require police officers to cover a tattoo which could reasonably have been perceived as a racist symbol.

Plaintiffs also argue that the chief's memorandum constitutes a selective prosecution and thus violates their right to equal protection. But plaintiffs have not shown that they were treated differently from similarly situated officers, because no other officers were shown to have tattoos

-3-

that could be interpreted as racist. Even if the plaintiffs were treated differently, it was not to inhibit their exercise of First Amendment rights, because as noted above, the plaintiffs had no First Amendment right to display their tattoos. Their selective prosecution claim therefore fails. *See Cobb v. Pozzi*, 363 F.3d 89, 110 (2d Cir. 2003) (noting that selective prosecution occurs where plaintiff shows differential treatment based on an impermissible consideration such as intent to inhibit or punish the exercise of constitutional rights).

### IV. Conclusion

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.

FOR THE COURT:
ROSEANN B. MACKECHNIE, Clerk

By: *Lucille Carr*

-4-